**In re CI HOST, INC., Creative Innovations, Inc., and Hosting Services International, Inc., Relators.**

No. 00–1150.

Supreme Court of Texas.

Argued Oct. 24, 2001.

Decided Nov. 21, 2002.

John J. Harvey, Joseph W. Spence, Shannon Gracey Ratliff & Miller, Thomas F. Harkins, Jr., Mack Ed Swindle, Whitaker, Chalk, Swindle & Sawyer, L.L.P., Fort Worth, Carol A. Faulkner, Bedford, Stacy L. Keaton, Austin, for relators.

Michael P. McGartland, McGartland & Borchardt, L. Kent Clay, McDonald Clay Crow & McGartland, Timothy Michael Hoch, McDonald Hoch & Anderson, LLP, Fort Worth, Kathleen Wells, Austin, for respondents.

Justice HANKINSON delivered the opinion of the Court.

In this mandamus proceeding, the plaintiffs seek production of a copy of certain computer backup tapes belonging to defendant CI Host, Inc. The trial court ordered CI Host to produce the tapes over CI Host's objection that section 2702 of the federal Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510–2522, 2701–2711, 3121–3127, protects the information stored on the tapes in its entirety. Because CI Host failed to produce evidence in the trial court that only the type of information protected from disclosure by section 2702 exists on the backup tapes, it failed to support its objection to the

requested discovery of the tapes, as Texas Rule of Civil Procedure 193.4 requires. The trial court therefore did not abuse its discretion in ordering CI Host to produce the tapes. However, because the parties agreed at argument before this Court that the tapes do contain some information protected from disclosure by the ECPA, and because the privacy interests of third parties may be implicated if the tapes are produced without an appropriate protective order in place, we deny CI Host's requested mandamus relief without prejudice to CI Host's reurging its objection to the trial court in light of this opinion.

CI Host is a web-hosting company based in Bedford, Texas, that hosts approximately 50,000 separate websites. The plaintiffs, Tom Speer, Henri Boll, and Limits Unknown, Inc., are three former CI Host customers who sued the company as putative class representatives claiming breach of contract, negligence, and violations of the Deceptive Trade Practices Act. The plaintiffs allege that CI Host's server crashed on December 28, 1999, and remained inoperative for ten days. They claim that because of this crash, their businesses were interrupted, they lost data, and they suffered harm to their business reputations. The plaintiffs assert that CI Host failed to keep guarantees that its hosting services would be operational 99.9% of the time. Moreover, they assert that CI Host did not back up its customers' website data daily, as promised. On March 10, 2000, the plaintiffs obtained a temporary injunction ordering CI Host, among other things, to refrain from deleting or disposing of critical information pertaining to its web-hosting activities, including "e-mails, billing data and other internal memoranda." The trial court also ordered CI Host to preserve backup tapes made on March 1, 2000.

On June 30, 2000, the plaintiffs requested production of a copy of the March 1st backup tapes. CI Host objected that the request was overbroad and demanded confidential information, trade secrets, and information beyond the scope of discovery. CI Host further objected that "this Request ... is a violation of Title 18 of the United States Code and Defendants are prohibited from releasing any of this information relating to third parties."

At the first of two discovery hearings, CI Host specifically argued that 18 U.S.C. § 2702, which prohibits disclosure of "the contents of a communication while in electronic storage," protects all the information on the backup tapes. The plaintiffs argued that except for e-mails, the information on the tapes is not "contents" as that term has been defined in the ECPA and interpreted by the federal courts. And moreover, they argued, section 2702 protects only e-mails that remain in temporary, intermediate storage, before they are received by the intended recipient. The plaintiffs further contended that the tapes contain technical information relevant to their claims including CI Host's customers' names, indexes, directories, and websites, which would reveal the extent of CI Host's failure to properly back up customer data, breaches of customer agreements, and poor website maintenance. CI Host offered no evidence to support its ECPA objection or any of its other objections at the hearing. The trial court overruled the objections and ordered production of the tapes.

The trial court later conducted a second hearing to allow CI Host to develop an additional record for mandamus review. CI Host offered an affidavit from Christopher Faulkner, its chief executive officer. Faulkner described the nature of CI Host's business and stated summarily that the backup tapes contained information

such as customers' e-mails, trade secrets, and business documents. CI Host also offered testimony from its attorney, John Harvey, who testified that he had seen customer lists and customer indexes and directories on two of the March 1st tapes. At the hearing's conclusion, the trial court affirmed its earlier order. Nonetheless, the parties agreed that production could wait until the conclusion of any mandamus proceedings. The court of appeals denied CI Host mandamus relief. CI Host now petitions this Court for mandamus relief from the trial court's order directing it to produce copies of the March 1st backup tapes.

■■■ The extraordinary writ of mandamus issues only to correct a clear abuse of discretion by a lower court when no adequate remedy at law exists. *In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 176 (Tex.1999); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). In this case, we first decide whether the trial court abused its discretion by ordering CI Host to produce the backup tapes in their entirety. We emphasize that only one objection to one request for production to CI Host is before us. CI Host argues that section 2702 of the ECPA precludes it from disclosing the information on the backup tapes. With respect to CI Host's other objections, the parties agreed that the original discovery request was overbroad, and CI Host obtained a protective order forbidding disclosure of any trade secrets stored on the tapes.

Without addressing the merits of CI Host's ECPA objection, we conclude that the trial court did not abuse its discretion in ordering the tapes produced because CI Host did not meet its burden to support its objection under our rules of civil procedure governing discovery. To object to a discovery request, the responding party must make a timely objection in writing and "state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request." TEX.R. CIV. P. 193.2(a). A party is also required under the rules to produce what is discoverable when it asserts that only part of a request is protected. TEX.R. CIV. P. 193.2(b). Any party making an objection or asserting a privilege must present any evidence necessary to support the objection or privilege. TEX.R. CIV. P. 193.4(a). The trial court should then determine whether an *in camera* inspection is necessary; if so, the party seeking protection must segregate and produce to the court the materials it seeks to protect from disclosure. *Id.*

In accordance with rule 192.3(b), which permits discovery of electronic recordings, data, and data compilations, the plaintiffs specifically requested the March 1st backup tapes. CI Host objected that it would violate Title 18 of the United States Code if it released the tapes, and therefore it withheld the tapes in their entirety. At the first discovery hearing, CI Host had the burden to present evidence supporting its objection, *see* TEX.R. CIV. P. 193.4(a), but did not present any evidence to the court. At the second hearing, CI Host offered CEO Faulkner's affidavit generally describing the nature of CI Host's business and stating summarily that the backup tapes contained information such as customers' e-mails, trade secrets, and business documents. It also offered testimony from its attorney, John Harvey, that he had seen customer lists and customer indexes and directories on two of the March 1st tapes. None of this general testimony provides the factual basis to sustain CI Host's objection that all of the information on the tapes is "the contents of a communication" or is "in electronic storage" on the tapes and thus protected from disclosure by the ECPA. *See* 18 U.S.C. § 2702.

Moreover, CI Host agreed at argument before this Court that the tapes do contain some noncontent information, which CI Host agrees is not protected by the ECPA, and that at least some of this information could be segregated from protected information. Thus, in light of CI Host's failure to produce evidence to support its ECPA objection or to segregate and produce the information it has now admitted is not protected by the ECPA, we cannot conclude that the trial court abused its discretion in overruling that objection and ordering the tapes produced.

However, we are mindful that resolution of this discovery dispute may affect more than the immediate parties to this litigation. The possibility exists that the rights of CI Host's customers and others may be detrimentally affected or even abrogated by disclosure of some information on the tapes; these third parties may have other legal bases for objecting to disclosure of the information on the tapes. Our discovery rules do not require notice to third parties so that they might have an opportunity to be heard on their own objections. Yet, we are loath to allow CI Host to unilaterally waive its customers' privacy rights by its failing to adhere to the discovery rules. *Cf. Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex.1993) (taking into account compelling public interests in determining scope of discovery in products-liability suit). It therefore falls upon the trial court to give serious consideration to these interests. A protective order forbidding disclosure of any trade secrets on the tapes is already in place, and we are confident that the trial court will give due consideration to any other privacy interests at stake as this case progresses.

Without expressing an opinion on the merits of CI Host's ECPA objection, we conclude that the trial court did not abuse its discretion by ordering production of the tapes on the record before it. CI Host failed to meet its burden under the discovery rules to support its objection with evidence demonstrating that all of the information on the tapes falls within the scope of the ECPA. Mandamus is therefore not appropriate. However, because the parties have acknowledged that: the tapes contain both protected information and nonprotected information; some information, including e-mails, may be considered confidential by CI Host's customers; and the different categories of information can be segregated and an appropriate protective order entered if necessary, we deny the writ of mandamus without prejudice to allow the parties and the trial court to address these considerations as the case proceeds.

Justice SMITH did not participate in the decision.