Phillip **BIELAMOWICZ**, Appellant,

v.

The **CEDAR HILL INDEPENDENT SCHOOL DISTRICT, et al.,** Appellees.

No. 05–03–00993–CV.

Court of Appeals of Texas, Dallas.

May 21, 2004.

---

719

Phillip Bielamowicz, Cedar Hill, pro se.

Allyson Holt, Christine D. Roseveare, David J. LaBrec, Steven T. Ramos, Katherine Elizabeth Anderson, Strasburger & Price, L.L.P., Dallas, for Appellee.

Before Justices JAMES, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WRIGHT.

Phillip Bielamowicz appeals the summary judgment rendered in his election contest in favor of Cedar Hill Independent School District (CHISD), its school board members, and its superintendent. Bielamowicz asserts the trial court erred in granting summary judgment because the election laws are unconstitutional, appellees' counsel had no authority to act on their behalf, and the trial judge did not have an oath of office on file. We overrule Bielamowicz's issues and affirm the trial court's summary judgment. Bielamowicz also appeals the trial court's order compelling post-judgment discovery. A petition for writ of mandamus is the proper way to complain of a post-judgment discovery order. Accordingly, we treat Bielamowicz's appeal of the post-judgment

discovery order as a petition for writ of mandamus and we deny the petition.[1]

## BACKGROUND

On October 20, 2001, CHISD held a special bond election to determine whether the voters would approve an $89.7 million bond issue to build a new high school and upgrade facilities. Early voting for the special bond election took place at temporary branch polling places. The voters approved the bond.

Following the election, Bielamowicz filed an election contest. He claimed (1) the location of the temporary polling places favored voters who would vote in favor of the bond; (2) CHISD failed to accurately state the costs to either repair or replace the Student Administration Complex; (3) the use of a single polling place on election day was improper; and (4) the use of a document prepared by the financial institution handling the bond issuance for CHISD was improper. CHISD moved for summary judgment on the grounds that Bielamowicz had not brought forward any proper ground for an election contest and that the superintendent and the board members were immune from suit. The trial court granted summary judgment.

## STANDARD OF REVIEW

The standard of review in summary judgment is well-established. Tex.R. Civ. P. 166(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgm't Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

CHISD also argued there was no evidence of one or more essential elements of Bielamowicz's claims under rule 166a(i) of the Texas Rules of Civil Procedure. *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.). A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine fact issue. *Id.* at 683. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833.

## ELECTION CONTEST

Bielamowicz contends the trial court erred in granting summary judgment in

---

1. We note that Bielamowicz is representing himself in this appeal. Pro se litigants are held to the same standards as licensed attorneys, and they must comply with all applicable rules of procedure. *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex.App.-Texarkana 2002, pet. denied). With regard to his appeal of the summary judgment, Bielamowicz raises his arguments under a single multifarious point of error. Regarding his appeal of the order compelling post-judgment discovery, Bielamowicz raises eight points of error most of which were made in his brief on appeal from the summary judgment. We address his arguments as best we can decipher them.

his election contest. CHISD moved for summary judgment on the ground that there was no evidence to support any actionable ground for an election contest.

■ The election code provides:

(a) The tribunal hearing an election contest shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because:

(1) illegal votes were counted; or

(2) an election officer or other person officially involved in the administration of the election:

(A) prevented eligible voters from voting;

(B) failed to count legal votes; or

(C) engaged in other fraud or illegal conduct or made a mistake.

TEX. ELEC.CODE ANN. § 221.003 (Vernon 2003). A person contesting an election bears the burden of proving that a violation occurred and that it materially affected the outcome of the election. *Honts v. Shaw*, 975 S.W.2d 816, 822 (Tex.App.-Austin 1998, no pet.).

■ CHISD had the authority to establish temporary branch polling places. *See* TEX. ELEC.CODE ANN. § 85.062(a)(2) (Vernon 2003). In his petition, Bielamowicz alleged the locations of the temporary voting places were "unfair" and violated his right to have "fair and equal access to the yeas and nays." He complained that the temporary polling places coincided with school events, thus attracting voters who were likely to support the bond election. Specifically, he complained of the temporary polling place located inside the football stadium during a paid football game, thus attracting voters likely to vote in favor of the school bond election.

Bielamowicz cites no authority to support his allegation that the establishment of the temporary polling places was somehow a violation of the election code or somehow fraudulent. As part of its summary judgment evidence, CHISD submitted the affidavits of the board members stating that the temporary polling places were selected so as to allow the greatest number of citizens to conveniently vote in the special bond election. Moreover, CHISD's summary judgment evidence established that the polling place at the football stadium was set up in such a way that a person did not have to purchase a ticket to enter the stadium for the purpose of voting. Bielamowicz did not present any contradictory evidence.

Bielamowicz also complains of CHISD's use of the document prepared by SWS Securities. CHISD hired SWS Securities to provide information about holding a special bond election. The document prepared by SWS Securities suggested ways to obtain votes in favor of the bond and ways to market CHISD's needs and plans for the money. Bielamowicz cites no authority for his contention that CHISD's possession and/or use of the marketing materials violated the election code.

In his brief, Bielamowicz asserts the election laws violate several constitutional provisions. These arguments were not made to the trial court and, therefore, are waived.[2] Bielamowicz presented no evidence of any actionable conduct for an election contest.

IMMUNITY

Bielamowicz also contends the trial court erred in granting summary judgment on

---

**2.** The only constitutional reference is found in the response to the motion for summary judgment. Bielamowicz cites article 1, section 27 of the Texas Constitution which guarantees the right of assembly and the right to petition for redress of grievances. He appears to cite this provision as support for filing his election contest.

the ground of immunity from suit. CHISD also moved for summary judgment on the ground that the district and school board members are immune from suit.

■ An independent school district is an agency of the state. As an agency of the state, an independent school district that is exercising governmental functions is immune from suit. *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978). A school district's sovereign immunity is waived only for claims arising from the operation or use of a motor-driven vehicle or equipment. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021 & 101.051 (Vernon 1997).

CHISD is an independent school district and is, therefore, an agency of the state. Bielamowicz's claims against the district do not involve the use of a motor-driven vehicle or equipment. Accordingly, CHISD's sovereign immunity has not been waived. The trial court properly granted summary judgment on the basis of CHISD's sovereign immunity.

■ Official immunity protects government officers and employees from personal liability. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Government officials are entitled to official immunity from suit for claims arising from the performance of (1) discretionary duties, (2) within the scope of their authority (3) as long as they act in good faith. *Id.* An action involving personal deliberation, decision, and judgment is discretionary. *Id.* at 654.

■ The decision of where to hold the special bond election involved the exercise of judgment on the part of the school board members. In making the decision, the board members obtained input from citizens, a board-commissioned advisory committee, and bond election professionals. The board members exercised discretion in carrying out a governmental function. Accordingly, the trial court did not err in granting summary judgment on the ground that the school board members were protected from suit by official immunity.

We have reviewed Bielamowicz's arguments complaining of the trial court's summary judgment and conclude they lack merit.

MOTION TO SHOW AUTHORITY

■ Bielamowicz also contends the trial court erred in denying his motion to show authority. He filed a motion for CHISD's attorneys to show authority to act on behalf of the school district. *See* TEX.R. CIV. P. 12. On August 19, 2002, the trial court conducted a hearing on Bielamowicz's motion to show authority. On that same date, the trial court denied the motion.

There is nothing before the Court that indicates that Bielamowicz requested any reporter's record other than the two volumes filed. We do not have a reporter's record from the hearing on the motion to show authority held on August 19, 2002. Therefore, Bielamowicz has failed to bring forward a sufficient record to show error in the trial court's denial of its motion to show authority.

Bielamowicz asserts that the district court visiting judge who granted CHISD's motion for summary judgment also lacked authority to act. Bielamowicz did not object to the visiting judge. By failing to timely object, Bielamowicz has waived his complaint. *See* TEX.R. APP. P. 33.1.

Bielamowicz also complains that Bruce R. Sherbert, Dallas County Elections Administrator, does not have a current oath of office on file. Because Bielamowicz did not raise this complaint in the trial court, it is waived. *See* TEX.R. APP. P. 33.1.

Bielamowicz further complains that several members of the board of trustees do

not have oaths of office on file. Bielamowicz has failed to show how the absence of the oaths of office impacted either the summary judgment or the motion to compel. We conclude his argument lacks merit.

## MOTION TO COMPEL

 After Bielamowicz filed this appeal, CHISD filed a motion in the trial court to compel post-judgment discovery. The trial court granted the motion and Bielamowicz appealed that order. This Court consolidated the two appeals. CHISD asserts that this Court lacks jurisdiction over the order compelling post-judgment discovery. It contends that mandamus is the proper procedure to complain about a post-judgment discovery order. Mandamus is appropriate to obtain judicial review of a trial court's post-judgment discovery order. *Collier Servs. Corp. v. Salinas,* 812 S.W.2d 372, 375 (Tex. App.-Corpus Christi 1991, orig. proceeding). In the interest of judicial economy, we will treat Bielamowicz's appeal of the motion to compel as a petition for writ of mandamus. *See B.J.M. v. State,* 997 S.W.2d 626, 627 (Tex.App.-Dallas 1998, no pet.). Mandamus is available only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 839–842 (Tex. 1992) (orig.proceeding).

A prevailing party may, for the purpose of obtaining information to aid in the enforcement of a judgment, seek discovery as allowed by the rules of civil procedure for pretrial matters. Tex.R. Civ. P. 621a. A party receiving a discovery request must file a written response within thirty days. Tex.R. Civ. P. 196.2(a). In the response, a party seeking to exclude any matter from discovery must plead the particular objection. Tex.R. Civ. P. 196.2(b). Where a party fails to timely make an objection to a discovery request, the objection is waived.

Tex.R. Civ. P. 193.2(e). Pursuant to the rules governing discovery, a party may move to compel discovery where a party fails to respond to a discovery request. Tex.R. Civ. P. 215.1(b).

 In accordance with the rules of civil procedure, CHISD sought post-judgment discovery in an effort to enforce its judgment. Bielamowicz failed to file a response to the discovery request. Accordingly, CHISD filed a motion to compel post-judgment discovery. Bielamowicz filed his untimely response after CHISD moved to compel. Because of the untimely response, Bielamowicz waived his objections. We conclude the trial court did not abuse its discretion in granting the motion to compel.

Accordingly, we affirm the trial court's summary judgment and deny the petition for writ of mandamus.