### In re HOUSTONIAN CAMPUS, L.L.C., Relator.

### No. 14-09-00631-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 2010.

Rehearing Overruled June 10, 2010.

Andrew T. McKinney, IV, Houston, for appellant.

David J. Sacks, Richard Haynes, Brian Weil Zimmerman, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and FROST.

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

In this mandamus proceeding, relator, Houstonian Campus, L.L.C. ("the Houstonian"), complains of a discovery order requiring it to produce certain documents containing the identities of its members. *See* Tex. Govt. Code Ann. § 22.221 (Vernon 2004); *see also* Tex.R.App. P. 52. The Houstonian asks this court to compel the Honorable Judge Michael Gomez, presiding judge of the 129th District Court of Harris County, to set aside his discovery order of production signed June 18, 2009, or, alternatively, to instruct Judge Gomez to vacate his order as to specific production requests.

## BACKGROUND

Deana Pollard Sacks, Real Party in Interest, filed a defamation suit against the Houstonian, a private members-only social and fitness facility, two named individuals, and Does 1–10 (Houstonian employees and/or members). Pollard Sacks alleged she was defamed by statements that she was guilty of reckless and dangerous driving and had made a racist comment. Also, Pollard Sacks alleged that by terminating her membership the Houstonian implied she had committed an act of serious misconduct or a crime.[1] During discovery, Pollard Sacks propounded various

---

1. We refer to Pollard Sacks's Original Petition which was before the trial court at the time the order at issue was signed.

requests for production. Ultimately, the Houstonian produced 1,713 pages of responsive documents, including complaints filed by club members. However, the Houstonian redacted the names of individual club members. The Houstonian objected to producing the names of the individual club members who filed the complaints, contending that (1) the names were not relevant to the defamation suit, (2) disclosure would violate its members' privacy interests, and (3) disclosure violated the Houstonian's right of association.

In response to the redactions, Pollard Sacks moved to compel the Houstonian to release the members' names on the complaints and also moved for sanctions for redacting the names. The trial court subsequently signed an order compelling the production of the documents without the names redacted.[2]

The Houstonian requests that we issue a writ of mandamus ordering Judge Gomez to reverse his decision on the Order to Compel Production of Documents and hold that the members' names are confidential and irrelevant to Sacks' causes of action. In its petition, the Houstonian claims that the trial court's discovery order requires the Houstonian to produce documents that (1) contain private and sensitive information; (2) are not relevant; (3) are protected by the associational rights by the First Amendment of the United States Constitution; and (4) encroach upon a private club's interest in managing its own affairs.

## DISCOVERY ORDER

██ Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion, and there is no adequate remedy by appeal. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998); *see also In re Maurer*, 15 S.W.3d 256, 259 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding).

### A. Abuse of Discretion

██ The Houstonian claims the discovery order constitutes an abuse of discretion because it is overly broad in that it requires the production of private and sensitive information neither relevant to the subject matter of the suit nor reasonably calculated to lead to the discovery of admissible evidence. While the scope of discovery is generally within the trial court's discretion, the trial court must impose reasonable discovery limits. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex.2006) (per curiam). An order that compels discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy. *Id.*

██ A party may obtain discovery of the contents of documents that constitute or contain matters relevant to the subject matter of the action. *See* Tex.R. Civ. P. 192.3(b). "Discovery is limited to matters relevant to the case." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814 (Tex. 1995). Discovery requests must be reasonably tailored to include only matters relevant to the case. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998) (orig. proceeding). It is not the burden of the responding party to tailor a reasonable discovery request for the requesting party. *See In*

---

**2.** In its discovery order, the trial court indicated that "nothing in this order precludes redaction of personal identifiers (i.e. social security [and] driver's license numbers). In addition, the Court requests the parties submit to the Court an agreed protection order ... maintaining the confidential[ity] of the documents as to third-parties, if ... the documents contain allegations of a sensitive and confidential nature."

re Sears, Roebuck and Co., 146 S.W.3d 328, 333 (Tex.App.-Beaumont 2004, orig. proceeding). Rather, the requesting party has the responsibility to narrowly tailor its requests to produce. Id.

Although it involved a claim of product liability, not defamation, the case of In re Graco Children's Prods., Inc., 210 S.W.3d at 600, is instructive. The court granted mandamus on the grounds that the discovery requests were impermissibly overbroad because they "were not reasonably tailored to the relevant product defect." Id. at 601. As the court recognized, mandamus has been granted in products liability cases when a discovery order included (1) products the plaintiff never alleged they used, In re Am. Optical Corp., 988 S.W.2d at 713; (2) substances to which the plaintiffs never alleged exposure, Texaco, Inc. v. Sanderson, 898 S.W.2d at 814; and (3) vehicles without the fuel filler-neck that was allegedly defective, General Motors Corp. v. Lawrence, 651 S.W.2d 732, 734 (Tex.1983). As these authorities indicate, an order may constitute an abuse of discretion if it compels discovery of matters not relevant to the subject matter of the action.

In Sears, 146 S.W.3d at 334, the appellate court noted that only the asbestos-containing products to which the plaintiffs claimed their son had been indirectly exposed were involved in the lawsuit. The trial court's order was erroneous because it required production of documents related to asbestos "without tying the discovery to the type of exposure ..." Id. Similarly, the trial court's order in this case requires the disclosure of all names contained in the documents produced without tying the discovery to any issue related to the lawsuit.

In her suit, Pollard Sacks claims she was defamed by statements that she drove dangerously and recklessly and that she made a racist comment.[3] Although we agree that the trial court could have reasonably concluded that the names of the members who made these alleged statements are relevant to the subject matter of the suit or reasonably calculated to lead to the discovery of admissible evidence, the order before this court did not order disclosure of just those members' names. Instead, it orders disclosure of all the members' names contained in all the documents produced and is therefore overbroad. The trial court is in a far better position than this court to determine which of the produced documents in fact relate to those statements and to tailor an order more narrowly drawn.

Pollard Sacks further claims she was defamed by the Houstonian by the act of terminating her membership. She asserts that the Houstonian has tolerated conduct by other members that is more egregious than that alleged of her in complaints and is known to only terminate membership for serious misconduct, such as crimes. The termination of her membership therefore implies the commission of an act of serious misconduct or a crime. This ground entitles Pollard Sacks to discover evidence of action taken, or not taken, by the Houstonian against other members about whom similar or more serious complaints were made. The identity of those members, however, is not relevant. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. See Tex.R. Evid. 401. The

---

**3.** The dissent would order disclosure of all the names in the documents produced in the First Group based on this cause of action. The documents in the First Group, however, contain the names of more members than the four who allegedly made these defamatory statements.

identity of the other members does not make it more or less probable they received more favorable treatment than Pollard Sacks. The documents produced will reveal whether another member against whom a similar or more egregious complaint was filed received similar treatment, regardless of his or her identity.

The Houstonian has established that many of the names of the other members are not relevant to Pollard Sacks's causes of action. Therefore, the trial court's order to produce all the documents requested by Pollard Sacks without redaction of any names is overly broad because it compels discovery of matters that are not relevant to the case.[4]

■ The trial court's order is not reasonably tailored to the issues relevant to the pending case and is therefore outside the bounds of proper discovery. *See In re CSX, Corp.*, 124 S.W.3d at 152–53. "When a discovery order fails to apply the rules of discovery, issuance of mandamus requiring the trial court to utilize those rules and procedures is appropriate." *In re Does 1–10*, 242 S.W.3d 805, 819 (Tex.App.-Texarkana 2007, orig. proceeding). Because the trial court's order requires production beyond that permitted by the rules of procedure, it constitutes a clear abuse of discretion. *See In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (orig. proceeding). Accordingly, the Houstonian has established the trial court abused its discretion. We now must determine whether the Houstonian has an adequate remedy on appeal.

### B. Adequate Remedy on Appeal

■ In determining whether appeal is an adequate remedy, we consider whether the benefits of mandamus relief outweigh the detriments. *In re Jacobs*, 300 S.W.3d 35, 40 (Tex.App.-Houston [14th Dist.] 2009, orig. proceeding). Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). Furthermore, a party does not have an adequate remedy on appeal when a discovery order compels the production of patently irrelevant documents such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992).

As discussed above, the trial court's order is not reasonably tailored to the issues relevant to the pending case and is therefore outside the bounds of proper discovery. Production of the documents without redaction would reveal the identities of an indeterminate number of the Houstonian's members, most of whom are nonparties. This information is patently irrelevant to Pollard Sacks's defamation suit, and disclosure of such irrelevant information would leave the Houstonian without remedy on appeal. *In re Jacobs*, 300 S.W.3d at 44–45 (finding no adequate remedy on appeal where trial court order compelled production of patently irrelevant documents).

Moreover, the redacted information that the trial court ordered disclosed is not only patently irrelevant, but highly personal and sensitive. The record before us reflects that the Houstonian's personnel and membership files are kept in the strictest confidence, which includes reports and complaints made by individual members. Disclosure of the patently irrelevant—and highly private information—would violate

---

4. Some of the documents produced are patently irrelevant. For example, one document concerns the size of the work-out towels.

confidences between the Houstonian and its members. Because the trial court's order does not protect disclosure of the names of the members who have no connection to the underlying lawsuit, once their identities are revealed, any damage cannot be rectified. *See In re Does 1–10*, 242 S.W.3d at 811–12. Privacy once broken by the inspection and copying by an adversary cannot be retrieved. Accordingly, any error in disclosing the nonparties' names cannot be cured on appeal. *See In re Netherlands Ins. Co.*, No. 04–08–00815–CV, 2009 WL 962539, at *2 (Tex. App.-San Antonio 2009, orig. proceeding) (mem. op.) (citing *Walker v. Packer*, 827 S.W.2d at 843); *see also In re Am. Optical Corp.*, 988 S.W.2d at 713.

Furthermore, the harm that the Houstonian might suffer by revealing the members' names on the complaints cannot be remedied on appeal. *See In re Weekley Homes*, 295 S.W.3d at 323 (reasoning that a party does not have an adequate remedy on appeal when a trial court's order imposes a burden on the producing party far out of proportion to any benefit the requesting party may obtain); *see also In re Jacobs*, 300 S.W.3d at 44–45 (finding no adequate remedy on appeal where trial court order compelled production of patently irrelevant documents).

For the above reasons, we hold that the Houstonian has no adequate remedy on appeal.[5] Because there is no adequate remedy by appeal, relator is entitled to relief by mandamus. Accordingly, we conditionally grant the writ of mandamus and direct the trial court to vacate its order compelling production of all requested documents without redaction of names.[6] *See* Tex.R.App. P. 52.8(c). The writ will issue only if the trial court fails to comply.

FROST, J., concurring and dissenting.

KEM THOMPSON FROST, Justice, concurring and dissenting.

Mandamus relief is not an all-or-nothing proposition. Appellate courts can and do grant mandamus as to part of a trial court's discovery order and deny mandamus as to the part of the order in which the trial court did not abuse its discretion. *See In re Carbo Ceramics, Inc.*, 81 S.W.3d 369, 379–80 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding) (granting mandamus as to part of trial court's discovery order compelling production of one document and denying mandamus as to part of same order that compelled production of other documents); *In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 715–16 (Tex.App.-Houston [1st Dist.] 2008, orig. proceeding [mand. denied] ) (granting mandamus relief as to some of the documents the trial

---

**5.** Pollard Sacks also argues that the Houstonian has waived any legal objection to producing unredacted copies of documents that it has produced voluntarily, albeit in redacted form. We agree with Pollard Sacks to the extent that the Houstonian waived other objections when it voluntarily produced the documents. However, the Houstonian expressly objected to disclosing the names of its members. By producing the documents with the names redacted it complied "with as much of the request to which the party [had] no objection." Tex.R. Civ. P. 193.2(b). A party is required to produce what is discoverable when only part of a request is objectionable. *See In re CI Host Inc.*, 92 S.W.3d 514, 516

(Tex.2002) (orig. proceeding). A response in accordance with the rules does not constitute waiver of the objection.

Pollard Sacks further claims the Houstonian does not have a "legal" objection to disclosing the names of its members. As the cases already discussed demonstrate, a lack of relevance to the claims raised is a proper objection to an overly broad request.

**6.** Because we conditionally grant mandamus relief on the relevancy ground, we need not address the Houstonian's alternative argument for relief.

court required a party to produce in an order and denying mandamus relief as to other documents the trial court ordered the party to produce in that order). Even though the majority concludes that the trial court did not abuse its discretion in part of the discovery order, the majority grants mandamus relief as to the entire order. This court instead should grant relief only insofar as the trial court abused its discretion and deny relief insofar as the trial court did not abuse its discretion.

This mandamus proceeding arises out of a discovery dispute over the relator's redaction of names from two groups of documents produced to the real party in interest. The trial court ordered the relator to produce unredacted copies of both groups. The relator is entitled to mandamus relief as to the second group, and I respectfully concur in this court's decision to grant mandamus relief as to those documents. As to certain documents in the first group, however, the trial court did not abuse its discretion in ordering unredacted copies produced, and I respectfully dissent to this court's grant of mandamus relief as to those documents. The majority does not fully address whether the trial court clearly abused its discretion as to the first group. Rather, this court, relying on an argument not asserted by the relator, grants mandamus relief as to both groups based on an abuse-of-discretion finding as to only the second group. Instead of granting mandamus relief as to the entire order, this court should deny mandamus relief as to certain documents in the first group.

### Overview of Operative Facts

Relator Houstonian Campus, L.L.C. ("The Houstonian"), a defendant in the underlying litigation, complains of a discovery order requiring it to produce unredacted copies of certain documents. Production of the unredacted documents would reveal the identities of some of The Houstonian's members whose names were blacked out when these documents were produced. The Houstonian asks this court to compel the Honorable Michael Gomez, presiding judge of the 129th District Court of Harris County, to set aside his discovery order of June 18, 2009, or, alternatively, to instruct Judge Gomez to vacate his order as to one of the two groups of documents. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex.R.App. P. 52.

### Requests for Production of Documents

Real party in interest Deana Pollard Sacks, the plaintiff in the underlying suit, is asserting defamation claims against The Houstonian, a members-only social and fitness club. Sacks also has filed defamation claims against two named individuals and "Does 1–10." The defamation claims relate to the termination of Sacks's membership with The Houstonian. During discovery, Sacks propounded various requests for production. Ultimately, The Houstonian produced 1,713 pages of responsive documents; however, The Houstonian redacted from these documents all references to the names of individual club members. These redacted documents fall into two groups. One group includes complaints and other documents involving or arising from Sacks's membership at The Houstonian (hereinafter "First Group").[1] The other group includes documents relating to (1) all parking garage incidents or accidents during the previous five years, (2) all complaints filed with The Houstonian by its members during the previous five

---

1. These documents were produced in response to requests for production numbers 1, 2, 6, 7, 8, 9, 11, and 12.

years, (3) all members of The Houstonian whose memberships were terminated, whether voluntarily or involuntarily, during the previous five years, and (4) all incidents of sexual activity, drunkenness, and illegal drug transactions on the premises of The Houstonian during the previous five years (hereinafter "Second Group").[2]

### The Houstonian's Objections to Production of Unredacted Documents

Regarding the First Group, The Houstonian objected to revealing the names of the individual club members who filed the complaints about Sacks, and, prior to production, The Houstonian redacted these names on documents relating to these complaints. Because these names are redacted, the record does not reflect how many members made these complaints; however, in its discovery objections, The Houstonian represented that the names of four individual members had been redacted from these ten pages of documents (hereinafter "Complaint Documents").[3] The Houstonian asserted that these four members had a reasonable expectation of privacy when they made their complaints. The Houstonian stated that, if it were to disclose the names of these four members, then Sacks likely would add these members as defendants in this suit. The Houstonian argued that any such suit would lack merit because there is no evidence that the complaints by the four members were ever published to third parties.

As to the First Group and the Second Group, The Houstonian redacted the names of its members based on the following stated objections: (1) the members' alleged right to privacy under their contracts with The Houstonian, (2) the members' alleged general right to privacy, (3) the members' right to freedom of association, and (4) the alleged irrelevance of the names of these members because they are not reasonably calculated to lead to the discovery of admissible evidence. As to the Second Group, The Houstonian asserted additional objections, including an objection that these requests were overly broad.

### Trial Court's Order Compelling Production of Unredacted Documents

In response to the redactions, Sacks moved to compel The Houstonian to reveal the members' names on the complaints and also moved for sanctions for redacting the names. The trial court subsequently agreed with Sacks as to the disclosure of names and signed an order compelling the production of the documents without the names redacted.[4]

The Houstonian then filed a motion for clarification. In this motion, The Houstonian noted that the redacted documents it produced can be classified into two groups (the First Group and the Second Group) and that it believed the trial court's order applied only to the documents in the First Group, which The Houstonian acknowl-

---

**2.** These documents were produced in response to requests for production numbers 3, 4, 5, 10, 13, 14, 15, and 16.

**3.** The ten pages of documents that fall into this category are contained in Exhibit 48 of the mandamus record, page numbers 113–14, 119, 121–24, and 137–39.

**4.** In its discovery order, the trial court indicated that "nothing in this order precludes

redaction of personal identifiers (i.e. social security [and] driver's license numbers). In addition, the Court requests the parties submit to the Court an agreed protection order ... maintaining the confidential[ity] of the documents as to third-parties, if ... the documents contain allegations of a sensitive and confidential nature."

edged are "reasonably related to the pending litigation." The Houstonian noted that the Second Group contains complaints and information that are completely unrelated to Sacks's lawsuit. The Houstonian asked the trial court to clarify that its order applied only to the First Group and not to the Second Group. The trial court stated that its order applied to all of the documents.

## ARGUMENTS ASSERTED AND RELIEF REQUESTED IN MANDAMUS PETITION

In its petition for mandamus, The Houstonian asks this court to grant mandamus relief against Judge Gomez by instructing him to vacate his decision ordering The Houstonian to disclose the names of its members contained in the First Group and the Second Group and to hold that these names are confidential and irrelevant to Sacks's claims. In the alternative, The Houstonian requests that this court instruct Judge Gomez to exclude the Second Group from his order compelling production because the requests to which those documents are responsive are overly broad as a matter of law.[5]

In its mandamus petition, The Houstonian asserts that it has no adequate appellate remedy and that the trial court clearly abused its discretion by ruling that the member names should be produced, even though this information (1) is private and

sensitive; (2) is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; and (3) is protected by the members' associational rights under the First Amendment of the United States Constitution. The Houstonian also asserts that the production of this information would encroach upon its interest as a private club in managing its own affairs. In the alternative, The Houstonian asks this court to grant mandamus vacating the trial court's order as to the Second Group only.

## STANDARD OF REVIEW

Mandamus will issue to correct a trial court's discovery ruling if the relator shows that the ruling constitutes a clear abuse of discretion and that there is no adequate appellate remedy. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (orig. proceeding); *see also In re Maurer*, 15 S.W.3d 256, 259 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). The Houstonian, as relator, has the burden of presenting a record and petition that show it is entitled to mandamus relief to correct a clear abuse of discretion by the trial court. *See* TEX.R.APP. P. 52.3, 52.7; *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *In re Nelson*, No. 14–04–00578–CV, 2004 WL 1516156, at *1 (Tex.App.-Houston [14th

---

5. The Houstonian does not argue that the trial court abused its discretion because some of the names the court ordered The Houstonian to produce are discoverable while other names the court ordered The Houstonian to produce are not discoverable. Indeed, in its alternative request for relief, The Houstonian asserts that, if this court concludes that the trial court did not abuse its discretion as to the First Group, this court should grant mandamus in part and vacate the part of the order pertaining to the Second Group. This alter-

native request is contrary to an argument that error only as to the Second Group would entitle The Houstonian to mandamus as to the entire order. Nonetheless, the majority concludes that, although the trial court did not abuse its discretion in ordering disclosure of some of the names, the fact that it ordered disclosure of all of the names renders the order "overbroad" such that this court must grant mandamus as to the whole order. *See ante* at pp. 182–83. The Houstonian has not made this argument, nor has The Houstonian requested this relief.

Dist.] July 8, 2004, orig. proceeding) (mem. op.). The inquiry mandated by precedent is whether The Houstonian, as relator, has established its entitlement to the extraordinary relief of a writ of mandamus, not whether the real party in interest (Sacks) has shown that The Houstonian is not entitled to mandamus relief. *See Canadian Helicopters, Ltd.,* 876 S.W.2d at 305; *In re Yamin,* No. 14–07–01035–CV, 2008 WL 442575, at *1 (Tex.App.-Houston [14th Dist.] Feb. 19, 2008, orig. proceeding) (mem. op.).

ANALYSIS AS TO THE COMPLAINT DOCUMENTS

With respect to the Complaint Documents, The Houstonian argues the trial court abused its discretion by overruling its objections that the names of the four members who filed written complaints regarding Sacks are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In her live pleading, Sacks has sued various Doe defendants whose names she does not know, but who, she alleges on information and belief, have made false and defamatory complaints against her. Under a liberal construction of this pleading, Sacks alleges

that these Doe defendants published false and defamatory statements about her to third parties. Discovery regarding the members who have complained about Sacks might not yield evidence sufficient to raise a fact issue as to whether these individuals defamed Sacks. Nonetheless, on this record, the trial court did not abuse its discretion to the extent it concluded that the discovery of the names of these members is reasonably calculated to lead to the discovery of admissible evidence.[6] *See Giffin v. Smith,* 688 S.W.2d 112, 113–14 (Tex.1985) (orig. proceeding) (per curiam) (conditionally granting mandamus relief ordering discovery of the identities of persons having knowledge relating to plaintiff's slander claim and compelling answers to questions regarding potentially slanderous communications); *In re Maurer,* 15 S.W.3d at 261 (denying mandamus as to discovery of names of individuals involved in incident who might have defamed the claimants who already were asserting defamation claims against other parties). Indeed, in the trial court, The Houstonian itself characterized these documents as "reasonably related to the pending litigation."[7]

6. Notably, the majority does not conclude that the trial court properly ordered disclosure of the names of all four members whose names were redacted in the Complaint Documents. Rather, the majority concludes that the trial court did not abuse its discretion by ordering the disclosure of the names of the member or members who complained that Sacks drove recklessly and made a racist comment. *See ante* at pp. 182–83. The majority does not address whether the trial court abused its discretion in ordering the disclosure of the other names in the Complaint Documents. Though this court grants mandamus relief vacating the entire order, the majority does not address whether the trial court abused its discretion as to all the Complaint Documents, even though The Houstonian acknowledged in the trial court that these documents are related to the pending claims.

7. The majority states that "the trial court is in a far better position than this court to determine which of the produced documents in fact relate to [certain] statements and to tailor an order more narrowly drawn." *Ante* at p. 182. However, we are not presented with a situation in which the documents have yet to be produced or identified or in which the nature or purpose of the redactions is unknown. All of the Complaint Documents have been produced, and the nature of the redactions (names of individuals making complaints against Sacks) is known to all parties, the trial court, and this court. The only thing in issue is the redaction of names on these ten pages. Because these pages already have been produced in redacted form, no in camera inspection or additional hearing is required to resolve this issue. Likewise, this court can rule that certain documents in the

The Houstonian has not shown that the trial court abused its discretion by ordering discovery of the names of members who made complaints against Sacks, over The Houstonian's objection that the names of these members are private and sensitive information.[8]

Freedom of association for the purpose of advancing ideas and airing grievances is a fundamental liberty guaranteed by the First Amendment. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex.1998) (orig. proceeding). The First Amendment requires that a compelling state interest be shown before a court may order disclosure of membership in an organization engaged in the advocacy of particular beliefs. *Id.* The Houstonian has not asserted in this original proceeding (or in the court below) that it is an organization engaged in the advocacy of particular beliefs, and The Houstonian did not prove this fact as a matter of law in the trial court. In addition, The Houstonian concedes in its petition that this case does not involve state action. The Houstonian has not shown itself entitled to mandamus relief based on the First Amendment.

The Houstonian asserts in this court that by compelling disclosure of member names the trial court improperly encroached upon its interest as a private club in managing its own affairs.[9] The Houstonian did not object to the discovery on this basis in the trial court. Though the trial court gave The Houstonian until June 2, 2009, to file objections to the discovery in question, the trial court did not conclude that there was good cause to excuse The Houstonian's failure to assert any objections after that date. *See* Tex.R. Civ. P. 193.2. Therefore, The Houstonian waived that objection. *See id.; Bielamowicz v. Cedar Hill Indep. Sch. Dist.*, 136 S.W.3d 718, 723 (Tex.App.-Dallas 2004, pet. denied).

The Houstonian's arguments as to the Complaint Documents lack merit. The trial court did not abuse its discretion in compelling the production of these documents in unredacted form.[10] The majority errs in its analysis to the extent it grants mandamus relief and orders the trial court to vacate its order as to the Complaint Documents.

First Group can remain redacted just as clearly and easily as the trial court.

8. The majority states that "the record before us reflects that The Houstonian's personnel and membership files are kept in the strictest confidence, which includes reports and complaints made by individual members." The record does not support this statement. Instead, the record reflects that the membership contracts and The Houstonian's Rules and Regulations do not state that complaints and grievances will be kept confidential.

9. Sacks argues, among other things, that The Houstonian is not a private club. It is not necessary to address this issue in this mandamus proceeding.

10. The majority concludes that mandamus should be granted as to the entire order even

though the trial court did not abuse its discretion in the part of the order compelling disclosure of certain names by the production of unredacted documents. *See ante* at pp. 182–83. The majority cites no authority for this proposition, and it is not a correct statement of Texas law. *See In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 715–16; *In re Carbo Ceramics, Inc.*, 81 S.W.3d at 379–80. In addition, though the majority states that some of the names are discoverable, the majority also makes statements indicating that none of the names are discoverable. *See, e.g., ante* at p. 183 ("Production of the documents without redaction would reveal the identities of an indeterminate number of the Houstonian's members … [t]his information is patently irrelevant to Pollard Sack's defamation suit"), p. 184 n. 6 (stating that the court has "conditionally grant[ed] mandamus relief on the relevancy ground").

ANALYSIS AS TO THE REMAINING DOCUMENTS

The remaining issue is whether mandamus relief should be granted as to the Second Group and the redacted names in the First Group that are not in the Complaint Documents (collectively the "Remaining Documents"). In arguing for nondisclosure, The Houstonian claims that the trial court clearly abused its discretion by compelling production of private and sensitive information which The Houstonian claims is neither relevant to the subject matter of the suit nor reasonably calculated to lead to the discovery of admissible evidence. Though the scope of discovery is generally within the trial court's discretion, an order that compels discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy.[11] *See In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex.2006) (orig. proceeding) (per curiam). A party may obtain discovery of the contents of documents that constitute or contain matters relevant to the subject matter of the action; however, it is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX.R. CIV. P. 192.3(a). Each discovery request must be tailored to include only matters reasonably calculated to lead to the discovery of admissible evidence. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998) (orig.proceeding). It is not the burden of the responding party to tailor a reasonable discovery request for the requesting party. *See In re Sears, Roebuck and Co.*, 146 S.W.3d 328, 333 (Tex.App.-Beaumont 2004, orig. proceeding). Rather, the requesting party has the responsibility to narrowly tailor each of its requests for production. *Id.*

### Abuse of Discretion

On this record, the trial court abused its discretion to the extent it found that the member names in the Remaining Documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. Likewise, the trial court clearly abused its discretion by ordering The Houstonian to produce the Remaining Documents in unredacted form. This portion of the trial court's order is not reasonably tailored to the issues in the pending case and is therefore outside the bounds of proper discovery. *See In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (orig. proceeding); *In re CSX, Corp.*, 124 S.W.3d at 152–53. Accordingly, as to the redacted documents other than the Complaint Documents, The Houstonian has established that the trial court clearly abused its discretion.[12] Thus, the next issue in the man-

---

11. At one point in its petition, The Houstonian asserts that the trial court's order is "overly broad." However, The Houstonian explains that it is arguing the order is overly broad because the order "requires the production of documents that bear no relation to the facts and claims in Plaintiff's Original Petition." The Houstonian does not argue that the order is overly broad because the trial court orders the disclosure of some names that are discoverable and of some names that are not discoverable. The Houstonian argues that the order is overly broad because the trial court requires production of unredacted documents in response to overly broad requests for production, not because part of the order is subject to mandamus and part of it is not.

12. Sacks also argues that The Houstonian has waived any objection to producing unredacted copies of documents that it has produced voluntarily, albeit in redacted form. Sacks is correct to the extent that The Houstonian waived other objections when it voluntarily produced the documents. However, The Houstonian expressly objected to disclosing the names of its members. By producing the documents with the names redacted, The Houstonian complied "with as much of the

damus inquiry is whether The Houstonian has an adequate appellate remedy.

### Adequate Remedy on Appeal

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 464 (Tex.2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *See id.* Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding).

As noted above, the trial court's order is not reasonably tailored to the issues relevant to the pending case and thus falls outside the bounds of proper discovery. Production of these documents without redaction would reveal the identities of an indeterminate number of The Houstonian's members, most of whom are nonparties. The requests for production regarding these documents are overly broad. There is no adequate appellate remedy as to the order compelling production of the Remaining Documents in unredacted form. *See In re Dana Corp.*, 138 S.W.3d at 301–02. Because there is no adequate remedy by appeal, The Houstonian is entitled to relief by mandamus.

### CONCLUSION

Instead of granting mandamus as to all of the trial court's order, this court should deny mandamus relief as to the Complaint Documents and conditionally grant mandamus relief as to the Remaining Documents. Though I concur in the court's decision to grant mandamus relief as to the Remaining Documents, I disagree with the majority's analysis and disposition of relator's request for relief. This court should direct the trial court to vacate its order only as to the Remaining Documents. To the extent the court directs the trial court to vacate its order as to the Complaint Documents, I respectfully dissent.

request to which the party [had] no objection." Tex.R. Civ. P. 193.2(b). A party is required to produce what is discoverable when only part of a request is objectionable. *See In re CI Host Inc.*, 92 S.W.3d 514, 516 (Tex.2002) (orig. proceeding). A response in accordance with the rules does not constitute waiver of the objection. Sacks further claims The Houstonian does not have a "legal" objection to disclosing the names of its members. However, The Houstonian objected to these documents on the ground that the requests were overly broad.