**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Majority and Concurring and Dissenting Opinions filed July 10, 2012.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

————————————

## NO. 14-12-00359-CV

————————————

### IN RE HEB GROCERY COMPANY, L.P., Relator

**ORIGINAL PROCEEDING**

**WRIT OF MANDAMUS**

**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-40738**

## CONCURRING AND DISSENTING OPINION

I respectfully concur in part and dissent in part in this case. I agree with the well-established precedent that discovery requests that are not limited to the store in question are generally overbroad and burdensome. *See Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). But because the majority has imposed the extraordinary remedy of mandamus as to certain very commonplace discovery requests for the store in question, I dissent with respect to those requests.

Mandamus will issue to correct a discovery order only when the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline*, 968 S.W. 2d 938, 941 (Tex. 1998). We should follow our own precedent and grant mandamus only when a discovery order calls for patently irrelevant documents such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *In re Houstonian Campus, L.L.C*, 312 S.W. 3d 178, 183 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (mandamus appropriate for patently irrelevant documents that were highly personal and sensitive); *see also Walker v. Packer*, 827 S.W. 2d 833, 843 (Tex. 1992) (no adequate remedy by appeal where the discovery order compels the production of patently irrelevant documents that constitute harassment or impose a burden on the producing party far out of proportion to any benefit to the requestor).

Even assuming that the requests called for "patently irrelevant" information, HEB has not argued or presented any evidence that the requests and interrogatory in question were burdensome. HEB does not assert that any privacy interests, trade secrets, or privileges of any sort will be violated, nor has it shown that the interrogatory and requests pertaining to the store in question posed a burden on HEB far out of proportion to any benefit that may obtain to the requesting party. Therefore, I respectfully dissent from the majority's opinion as to (1) Interrogatory No. 9, and (2) Requests for Production Nos. 4 and 11 as they pertain to information about other claims or accidents at the store in question, and (3) Request for Production No. 32, as to certain employees.

/s/     Tracy Christopher
         Justice

Panel consists of Justices Frost, Christopher, and McCally. (McCally, J., majority).

2