

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00099-CV

_____

IN RE:   TOMMY PERKINS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Relator, Tommy Perkins, has filed a petition for writ of mandamus. Perkins' application concerns his request for the trial court to enter a Judgment Nunc Pro Tunc. We deny the requested relief.

It is the relator's burden to show entitlement to the relief being requested. *See* TEX. R. APP. P. 52.3; *In re Houstonian Campus*, *L.L.C.*, 312 S.W.3d 178, 187 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Relator must file with the petition a certified, sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding and a properly-authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a).

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas Subsidiary*, *L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The Texas Supreme Court has adopted a balancing test to determine whether a party has an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In re AIU Ins. Co*., 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). Relator must establish that the trial court (1) had a ministerial duty to perform the act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). Due to the nature of this remedy, it

is Perkins' burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The prayer in Perkins' application for mandamus relief simply asks that the application be granted and the trial court be ordered to "continue with relief requested." Reading the application for context, we glean that Perkins claims: he was indicted on three counts—two of capital murder and one of murder—in 1993; before trial the State abandoned one count of capital murder and the murder count; Perkins was convicted of capital murder.[1] Perkins complains that the same records at the Texas Department of Criminal Justice (TDCJ) still contain the abandoned indictment counts; and apparently the motion for a Judgment Nunc Pro Tunc sought to have the trial court order the TDCJ to expunge any record that agency had of those two abandoned indictment counts.[2]

Perkins' application includes a copy of a document styled "Nunc Pro Tunc With Order," but this document does not have a file-stamp or bear any indication it is a copy of a document actually filed with and presented to the trial court. Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). However, the moving party must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 Tex.

---

[1] *See Perkins v. State*, 887 S.W.2d 222 (Tex. App.—Texarkana 1994, pet. ref'd).

[2] Perkins moved unsuccessfully for expunction in the trial court in February 2009. *See In re Perkins*, No. 06-12-00088-CV, 2012 Tex. App. LEXIS 8212 (Tex. App.— Texarkana Sept. 28, 2012, pet. dism'd w.o.j.) (mem. op.).

3

App. LEXIS 4118, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

Perkins has failed in his obligation to provide this Court with a sufficient record establishing his right to mandamus relief. He has provided no file-marked copies of the motions he purports to have filed with the trial court; he has alleged no dates upon which such motions were filed; and he has provided nothing to this Court showing these motions were presented to and brought to the attention of the trial court.

We deny the petition for writ of mandamus.


Jack Carter
Justice

Date Submitted:     October 15, 2013
Date Decided:       October 16, 2013

4