

NUMBER 13-13-00465-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE I. C. MORENO

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Per Curiam Memorandum Opinion[1]

On August 21, 2013, relator, I. C. Moreno, filed a petition for writ of mandamus contending that the trial court erred in disqualifying his attorney, the Honorable Juan Perales, by order issued on February 13, 2013. The Court requested, but did not receive, a response to the petition for writ of mandamus from the real party in interest, Gracie Fuentes.

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. In re CSX Corp., 124 S.W.3d 149, 151 (Tex.2003) (orig. proceeding). We determine whether the relator has established his entitlement to the extraordinary relief of a writ of mandamus, not whether the real party in interest has shown that the relator is not entitled to mandamus relief. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994) (orig. proceeding); *In re Houstonian Campus, L.L.C.*, 312 S.W.3d 178, 187–88 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (Frost, J., concurring & dissenting); *see* TEX. R. APP. P. 52.4. In determining the propriety of mandamus relief, appellate courts may not deal with disputed areas of fact. *In re Pirelli Tire*, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus under the applicable standard of review, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an

order granting temporary relief is effective until the case is finally decided.").  The petition for writ of mandamus is DENIED.  *See id.* 52.8(a).

PER CURIAM

Delivered and filed the 17th
day of October, 2013.