**In re SHELL E & P, INC.,
and SWEPI, L.P.**

**No. 04-05-00345-CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 2005.

Rehearing Overruled Oct. 11, 2005.

Marie R. Yeates, Catherine Bukowski Smith, James D. Thompson III, Vinson & Elkins L.L.P., Houston, Edmundo O. Ramirez, Ellis, Koeneke & Ramirez, L.L.P., McAllen, for appellant.

Eduardo Roberto Rodriguez, Mitchell C. Chaney, Sarah A. Nicolas, Jaime A. Saenz, Rodriguez, Colvin, Chaney & Saenz, L.L.P., Brownsville, Terry A. Canales, Alice, for appellee.

Sitting: KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

The relators, Shell E & P, Inc. and SWEPI, L.P. (collectively "Shell"), seek mandamus relief from an order compelling the production of documents owned by Shell but in the temporary custody of attorneys Michael B. Silva and Paul F. Simpson, formerly of Silva & Simpson, L.L.P., and McGinnis, Lochridge & Kilgore, L.L.P. (collectively the "Attorneys"). The Attorneys are the defendants in the underlying fee dispute lawsuit brought by their former clients, Arnoldo Casas, Carolina Casas, Ferman Casas, Jr., Juanita P. Casas, Irene Casas, Santos R. Casas, Servando Casas, Yolanda Casas, Johnny Lane III, Lydia C. Pena, Ruben Pulido, and Clementina C. Pulido (collectively the "Casas"), arising out of prior litigation between Shell and the Casas. Because we conclude that the trial court abused its discretion in holding that Shell had no standing to object to the disclosure of its documents and in compelling production of the Shell documents, we conditionally grant the writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2000, the Casas employed attorneys Michael B. Silva and Paul F. Simpson of Silva & Simpson, L.L.P., to represent them with respect to certain of their oil and gas interests in Duval County, Texas. Silva's and Simpson's compensation was based on a contingency fee agreement with the Casas. Silva and Simpson subsequently filed suit against Shell on behalf of the Casas, alleging that Shell's failure to drill on the Casas' property had caused them damages (the "Shell lawsuit").[2] While the Shell lawsuit was pending, Silva and Simpson joined the law firm

---

2. Cause No. DC–00–344, styled *Arnoldo Casas, et al. v. SWEPI L.P. and Shell Western E & P, Inc.*, in the 229th Judicial District Court, Duval County, Texas, the Honorable Alex W. Gabert presiding.

of McGinnis, Lochridge & Kilgore, but continued to represent the Casas. In May 2004, the Shell lawsuit was settled for a confidential amount; however, a dispute over the Attorneys' fees arose. The Casas subsequently filed suit against the Attorneys alleging causes of action for breach of contract, deceptive trade practices and fraud, and seeking an accounting.[3]

In connection with their pending suit against the Attorneys, the Casas requested the release of their original case file from the Shell lawsuit. The Attorneys delivered the Casas' case file, but withheld certain documents that had been produced by Shell pursuant to the terms of an "Unopposed Protective Order Regarding Confidentiality" (the "Protective Order") which was signed by Judge Gabert and entered in the Shell lawsuit. In response, the Casas filed a motion to compel the Attorneys to release the original case file, including the retained Shell documents which were described as: "(a) well logs, data and communications related thereto; (b) depletion plans and related communications; (c) exploration plans, data and communications related thereto; (d) documents and communications (including many emails) regarding the negotiation, acquisition and sale of interests; and (e) one deposition given by a member of Shell's in-house computer department" (the "Shell documents"). The Attorneys filed a response stating they are prohibited from releasing the Shell documents to the Casas by the terms of the Protective Order, which restricts disclosure of informa-

tion designated as "confidential" to only "qualified persons" for the limited purpose of the Shell lawsuit.[4] The Attorneys argued they have only temporary custody of the Shell documents, and do not have legal possession or control of the documents.

The trial court held a hearing on the Casas' motion to compel on May 16, 2005. Shell's attorney appeared at the hearing and objected to production of the Shell documents because it would violate the Protective Order.[5] The Casas argued that Shell had no standing to object to a discovery request made in the fee lawsuit to which it was not a party. The trial court permitted Shell's attorney to participate in the hearing, but subsequently sustained the Casas' objection and ruled that Shell had no standing to object to production of the Shell documents. On May 17, 2005, the trial court entered two orders: (1) an order sustaining the Casas' objection to the appearance of Shell's counsel and striking the Shell attorney's statements from the record of the motion to compel hearing; and (2) an order compelling the Attorneys to promptly deliver the Casas' original file including the previously retained Shell documents. Shell filed this petition for mandamus challenging the trial court's orders, along with a motion for a temporary stay. We granted the motion for temporary relief.

### STANDARD OF REVIEW

Mandamus relief is available only when a trial court clearly abuses its discre-

---

3. The parties dispute whether the Casas have properly alleged a cause of action for breach of fiduciary duty; we need not decide that issue in this mandamus proceeding.

4. It is undisputed that the Shell documents were designated as "confidential" under the Protective Order, and that the Casas did not challenge the confidential designation at the time the documents were produced in the Shell lawsuit. "Qualified persons" are de-

fined in the Protective Order to include the attorneys, parties and trial court, their employees, and other interested persons; however, the definition of all "qualified persons" is restricted to the Shell lawsuit.

5. Shell's counsel also moved for a continuance to enable Shell to prove the trade secret status of the documents. The continuance was denied upon the Casas' objection.

tion and when there is no adequate remedy on appeal. *In re Kuntz*, 124 S.W.3d 179, 180 (Tex.2003) (orig.proceeding). With respect to factual issues, an abuse of discretion is shown when it is clear from the record that the trial court could have reasonably reached only one decision. *Id.* at 181; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. Therefore, the trial court's failure to analyze or apply the law correctly, "as when a discovery order conflicts with the Texas Rules of Civil Procedure," will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Kuntz*, 124 S.W.3d at 181; *Walker*, 827 S.W.2d at 840. A party does not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's error in compelling discovery. *Kuntz*, 124 S.W.3d at 181; *Walker*, 827 S.W.2d at 843.

## ANALYSIS

■ We first address the issue of whether Shell, a non-party in the underlying case, had standing to object to the disclosure of documents admittedly owned by it but in the temporary custody of the Attorneys under the terms of the Protective Order entered in the prior litigation. The Casas argue that Shell filed no pleadings and presented no evidence in the trial court, and thus as a non-party had no standing to object to the disclosure of its documents. We disagree. While Shell is not a party to the fee lawsuit between the Casas and the Attorneys, Shell is a party to the agreed Protective Order entered in the prior litigation between it and the Casas. There is no dispute that the Shell documents sought by the Casas were designated "confidential information" and produced to the Attorneys under the terms of the Protective Order for use only in the

Shell lawsuit. The Protective Order provides that confidential documents produced by Shell must be returned to Shell at the conclusion of the litigation, but permits the Attorneys to retain one original or copy of the documents for 24 months after conclusion of the litigation, subject to the continuing effect of the Protective Order. As noted, the Shell lawsuit was resolved through settlement and has thus been concluded. As permitted, the Attorneys have retained custody of the Shell documents during the 24–month period following the settlement. The Protective Order expressly states that its provisions continue to be binding after conclusion of the Shell lawsuit.

Under Rule 192.6(a) of the Texas Rules of Civil Procedure, Shell had the right to object to disclosure of its confidential documents and to seek enforcement of the Protective Order in the underlying case. TEX.R. CIV. P. 192.6(a) (providing that "any ... person affected by" a discovery request may object, assert a privilege, or move for a protective order). In a similar discovery dispute, the Texas Supreme Court recently acknowledged that a non-party owner of documents has the right to seek protection from disclosure of its documents under Rule 192.6(a). *Kuntz*, 124 S.W.3d at 184 n. 4 (also noting that the plaintiff may seek production of the documents directly from the non-party owner under TEX.R. CIV. P. 205). As in this case, the owner of the documents in *Kuntz* was not a party and had not made a formal appearance in the underlying case, but participated in the discovery proceedings by objecting to the disclosure of its documents which were subject to a confidentiality agreement. *Id.* at 182–83 (owner of the documents appeared as amicus). Here, counsel for Shell was served with a copy of the Casas' motion to compel listing Shell as a "potentially interested party," and

appeared at the hearing after learning of the setting a few days before. Shell participated in the hearing over the Casas' objection, and argued that the Attorneys' disclosure of the Shell documents was prohibited by the Protective Order. Counsel also warned that Shell would sue the Attorneys if the documents were disclosed in violation of the Protective Order.

We conclude that Shell, as the non-party owner of the documents, had the right under Rule 192.6(a) to seek protection from disclosure of its documents in the trial court, whether through an objection, assertion of privilege, motion for a protective order, or motion for enforcement of an existing protective order. *Id.* at 184 n. 4. The trial court's May 17, 2005 order holding that Shell lacks standing to object to the disclosure of its documents conflicts with Rule 192.6(a) of the Texas Rules of Civil Procedure; therefore, we hold the trial court clearly abused its discretion. *Id.* at 181 (failure of trial court to analyze or apply the law correctly, such as when discovery order conflicts with rules of civil procedure, constitutes abuse of discretion); *see also Walker,* 827 S.W.2d at 840.

■ We next determine whether the trial court clearly abused its discretion in compelling production of the Shell documents. Shell's objection, as well as the Attorneys' objection, was that the Attorneys did not have legal possession of the Shell documents, only temporary custody under the terms of the Protective Order, and that disclosure of the Shell documents to the Casas would subject them to potential liability for violating the Protective Order. First, we address the Casas' argument that because the Protective Order was not filed in the underlying fee dispute case, it was not before the trial court when it ruled on the motion to compel. This argument is disingenuous. It is clear from the record of the hearing on the motion to compel, as well as from references in the Casas' own motion to compel, the Attorneys' response and the trial court's order, that the trial judge and all the interested parties were well aware of the existence and terms of the Protective Order entered in the Shell lawsuit. In fact, the Protective Order was agreed to by the Casas and was entered by the same trial judge who presided over the motion to compel hearing. Moreover, the Casas did not raise any objection in the trial court that the Protective Order, referred to by all participants and the judge, was not properly before the court in the discovery proceeding.[6] The trial judge was entitled to take judicial notice of his own prior order entered in a related case between substantially the same parties. TEX.R. EVID. 201(c) (trial court may take judicial notice of adjudicative facts, whether requested or not); *see Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (Tex.1961); *Briones v. Solomon,* 769 S.W.2d 312, 319 (Tex.App.-San Antonio 1989, writ denied); *Sierad v. Barnett,* 164 S.W.3d 471, 481 (Tex.App.-Dallas 2005, no pet.) (trial court need not announce it is taking judicial notice).

■ Finally, with respect to the merits of Shell's petition, Shell does not dispute that the Casas are entitled to production of their client case file from the Shell lawsuit. The issue is whether the Attorneys must also produce the confidential Shell documents that were disclosed during the prior lawsuit under the terms of the Protective Order. Rule 192.3(b) provides that a party may obtain discovery of relevant docu-

---

**6.** The Casas' objection was that, "there is nothing in this Court's record to show that these documents belong to Shell." In addition, the Casas argued that the trial court had the right to change the Protective Order, as it was the court's own order, in order to require production of the documents.

ments, and that a person is required to produce such documents that are within the person's "possession, custody, or control." Tex.R. Civ. P. 192.3(b). "Possession, custody, or control" of an item for purposes of discovery is defined as "physical possession of the item or . . . a right to possession of the item that is equal or superior to the person who has physical possession of the item." Tex.R. Civ. P. 192.7(b); *see GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (the phrase "possession, custody or control" within the meaning of Rule 192.3(b) includes actual physical possession, constructive possession, and the right to obtain possession from a third party such as an agent or representative).

In *Kuntz*, the Supreme Court held that a person's mere access to a document does not constitute "physical possession" of the document under the definition of "possession, custody or control" stated in Rule 192.7(b). *Kuntz*, 124 S.W.3d at 184. There, Kuntz's ability to access confidential documents that his corporate employer had prepared for a business client did not constitute possession of the documents within the meaning of the discovery rules. *Id.* In addition, Kuntz's production of the documents would have violated the confidentiality agreement with his employer, and the consulting agreement between his employer and its client, thereby subjecting him to potential liability. *Id.* Under *Kuntz*, it is clear that the Attorneys do not have legal possession of the Shell documents within the meaning of Rule 192.3(b). In addition, as in *Kuntz*, requiring the Attorneys to produce the Shell documents to the Casas would force them to violate the Protective Order, and subject them to a potential suit for damages by Shell. *See id.*

■ The Casas alternatively argue that disclosure of the Shell documents to them would not violate the Protective Order because as parties they are "qualified persons" to whom the Protective Order permits disclosure. We disagree. The Protective Order's definition of a "qualified person" limits permissible disclosure to "parties . . . to whom disclosure of Confidential Information is reasonably necessary for purposes of the administration, preparation, trial, or appeal of this Litigation." The litigation to which the Protective Order refers is the Shell lawsuit, which has been concluded. As the Casas also recognize, their suit against the Attorneys constitutes a separate and distinct, although related, case. Disclosure of the Shell documents to the Casas in this fee dispute case would violate the continuing terms of the Protective Order.

Accordingly, we hold the trial court abused its discretion in finding that Shell did not have standing to object to disclosure of its documents under Rule 192.6(a), and in compelling production of the Shell documents that are subject to a Protective Order between the Casas and Shell. We further hold that Shell does not have an adequate remedy by appeal. *See Kuntz*, 124 S.W.3d at 184. Therefore, we conditionally grant the writ of mandamus. The writ will only issue if the trial judge fails to withdraw his May 17, 2005 orders holding Shell lacks standing and compelling production of the Shell documents within ten days from the date of our opinion and order.