

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00304-CV |
| RLG UNIVERSE PROPERTIES, LLC D/B/A ROCKIN' JUMP ("RLG") AND CIRCUSTRIX HOLDINGS, LLC (CIRCUSTRIX), | § § § | AN ORIGINAL PROCEEDING IN MANDAMUS |
| Relators. | | |

## MEMORANDUM OPINION

In their petition for mandamus, Relators RLG Universe Properties, LLC d/b/a Rockin' Jump (RLG) and Circustrix Holdings, LLC (Circustrix) ask us to direct the Honorable M. Sue Kurita, Judge of County Court at Law No. 6 to vacate her June 7, 2024 order granting Real-Party-in-Interest Norberto Carlo Adviento's motion for discovery sanctions. Relators argue that this order improperly compels them to produce: (1) "confidential and proprietary" customer information; (2) business information protected by a confidentiality agreement; and (3) documents not in their possession, custody, or control. Relators further argue that the order imposes an improper monetary sanction. For the reasons discussed below, we deny the petition.

## I. BACKGROUND

In the underlying negligence case, Adviento filed suit as next friend of his minor child, D.J.A., who was allegedly injured at a trampoline park. Adviento's petition identified five

defendants as "possessor in control of the premises," including RLG and Circustrix.[1] During the discovery process, several disputes ensued. Relators filed numerous discovery objections, a motion to quash the deposition of RLG's owner, objections to the second notice of the deposition, and multiple motions for protective order Adviento filed multiple motions to compel and a motion for sanctions.

In disposing of these disputes, the trial court issued three orders: (1) an order compelling discovery, finding that Relators had failed to "provide sufficient initial disclosures," failed to "respond to [Adviento's] discovery requests in the time and manner prescribed by the rules," and "objected to almost each and every request, and as such are overruled as to each objection" (October 13, 2023 order); (2) an order denying Relators' second motion for protective order, finding that Relators had previously been ordered to "provide the . . . information [at issue]" (February 29, 2024 order); and (3) an order imposing sanctions, finding that the trial court had "rightfully denied [Relators]' Motion for Protective Order, as each objection was already overruled," that "the information and items [Relators] sought to protect were already compelled," and thus "[Relators'] Motion for Protective Order was untimely," thereby entitling Adviento to attorney's fees. The sanctions order further directed that "all the documents requested by [Adviento] in the deposition notice will be provided," and Relators must also "provide discovery as previously ordered" (June 7, 2024 order).

This mandamus proceeding followed, and we granted a temporary stay of all trial court proceedings.

---

[1] The other three defendants—Rockin' Jump Ventures, LLC d/b/a Rockin' Jump Trampoline Park, Trampoline Acquisition Parent Holdings, LLC, and Richard Glassman—are not parties to this proceeding. Also not a party to this proceeding (or the underlying case) is Sky Zone El Paso East, Inc., to whom the trampoline park was sold after the alleged incident.

2

## II. DISCUSSION

Mandamus relief is an extraordinary remedy that requires the relator to show (1) the trial court clearly abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Relators contend the trial court abused its discretion by: (1) compelling disclosure of (a) "confidential and proprietary [customer] information [implicating] constitutional rights of privacy," (b) "business information in violation of a confidentiality agreement," and (c) documents not in their "possession, custody, or control"; and (2) ordering them to pay attorney's fees incurred by Adviento in addressing their motion for protective order. We discuss each issue in turn.

### A. Confidential customer information

Relators argue that the trial court abused its discretion by ordering disclosure of "readily identifiable information concerning the customers, such as the names of minor guests, parent names, dates of birth, addresses, and phone numbers," which would "violate[] the privacy rights of the customers, which are protected by the Due Process Clause." However, nowhere do Relators identify which of Adviento's discovery request(s) seek such information. In their argument on this issue, Relators refer to no specific discovery requests. And in their statement of facts, the only discovery requests Relators mention are RFP 24 (joint venture agreements), RFP 26 (surveillance

3

footage/images), RFP 45 (product footage/images), [2] and a deposition-notice RFP for asset-purchase-agreement documents. [3] On their face, these requests appear not to involve the type of customer information Relators seek to protect.

But even if such customer information had been requested in RFP 24, 26, or 45—or in Adviento's other initial RFPs or interrogatories—Relators point to no timely objection asserting the confidentiality of such information. [4] Under Texas Rule of Civil Procedure 193.2(a), an objection to written discovery must be made within the time for the response, i.e., within 30 days after service of the request. *See* Tex. R. Civ. P. 196.2(a) (RFPs) and 197.2(a) (interrogatories). Here, the objection/response deadline was August 17, 2023, and from Relators' statement of facts

---

[2] Specifically, the RFPs at issue, which were served on Relators on July 18, 2023, read as follows:

> RFP 24: "Any joint venture agreement between the parties or between any party . . . and any non-party regarding the ownership, repair, operation, maintenance, advertising, security or other service of or for the premises."

> RFP 26: "Copies of any surveillance tapes, movies or photos of the facility, the employees, or the Plaintiff."

> RFP 45: "Photographs, videotapes, films or motion pictures of the product . . . for up to five years prior to the date of injury and any following the occurrence."

[3] Adviento noticed the deposition of RLG's owner, Richard Glassman, on October 26, 2023. This was the second deposition notice, which, like the first, included RFPs for, among other things, "all purchase agreements, sales agreements, contracts or other legal documents used to transfer ownership of and or legal interest in the Rockin' Jump location . . . to the subsequent owners." As noted above, the trampoline park was sold to Sky Zone El Paso East, Inc. after the date of the alleged incident.

[4] The objections RLG did timely assert as to RFPs 24, 26, and 45 on August 17, 2023, were as follows:

> RFP 24: "[A]sks for information outside the scope of permissible discovery," "overbroad and will not lead to admissible evidence," "seeks information that is not relevant," "overbroad and harassing," "not relevant and . . . not narrowly tailored . . . but . . . instead intended to burden [RLG]," and "lacks specificity and [RLG] has no means to identify the information requested."

> RFP 26: Same as the first three objections to RFP 24.

> RFP 45: "[O]verbroad and harassing," and "not relevant and . . . not narrowly tailored . . . but . . . instead intended to burden [RLG]."

In addition, as to RFPs 26 and 45, respectively, RLG responded, "[n]one that are related to the incident"; and "[RLG] does not know where at the premises [D.J.A.] was allegedly injured." In comparison, Circustrix did not object to RFP 26, timely objected the same as RLG to RFPs 24 and 45, and further responded to all three, "[n]one in [Circustrix]'s possession, custody, or control."

and the record, it appears the issue of confidential customer information was first raised in Relators' motion for protective order filed on December 5, 2023. But like objections, such a motion must be filed "within the time permitted for response to the discovery request." Tex. R. Civ. P. 192.6(a). Relators neither point to an applicable exception to this deadline nor develop any argument challenging the finding in the trial court's October 13, 2023 order that Relators "failed to respond to [Adviento's initial] discovery requests in the time and manner prescribed by the rules."[5]

Further, even if Relators had timely objected in their discovery responses that one or more requests sought confidential customer information, the trial court's October 13, 2023 order overruled all objections to Adviento's initial requests based on a finding that Relators "objected to almost each and every request, and as such are overruled as to each objection." Relators challenge neither the correctness of this finding nor the consequences imposed. *See* Tex. R. Civ. P. 193.2 ("An objection . . . obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown.").

Finally, even if Relators had timely filed a motion for protective order, a party seeking such an order must show a "particular, specific and demonstrable injury by facts sufficient to justify [such relief]." *In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 636 (Tex. App.—El Paso 2016, no pet.) (citing *In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding)).

In *Wal-Mart*, the movant "broadly alleged in its motion that it sought protection for confidential information," but failed to "establish in either its motion or at the hearing the exact nature of the information," and further failed to "present evidence establishing a particular,

---

[5] Moreover, even if Relators were to contend confidential customer information was requested, not in the initial discovery requests, but rather in one of the subsequent deposition-notice RFPs, a timely objection raising confidentiality would still be lacking for the reasons explained in Part II.B. below.

specific, and demonstrable injury." 286 S.W.3d at 637. Here, Relators' motion likewise broadly sought to protect "private information concerning [their] customers" and "materials concerning the identity of [their] customers," but did not establish either in their motion or at the hearing the exact nature of the information/materials, and further failed to present evidence of a "particular, specific, and demonstrable injury." In *Wal-Mart*, we found that the trial court did not abuse its discretion in denying the motion for protective order. *Id.* We similarly find here that the trial court has not been shown to have abused its discretion in denying Relators' motion for protective order in relation to customer information.

## B. Confidential business information

Relators argue that the trial court abused its discretion by ordering disclosure of "confidential documents belonging to Sky Zone El Paso East, including the terms of the asset purchase agreement," which RLG is "contractually prohibited from disclosing . . . without express written authorization of Sky Zone El Paso East, which RLG does not have."

But again, as with the customer information discussed above, Relators point to no timely objection asserting the confidentiality of such information. The asset-purchase-agreement documents were initially requested in Adviento's first notice of Richard Glassman's deposition, served on September 26, 2023. While Relators filed a timely motion to quash and for protective order, the motion included no confidentiality objection.[6] The documents were next requested in Adviento's second notice of Glassman's deposition, served on October 26, 2023.[7] And while Relators timely objected to this notice too—including specific objections to production of the

---

[6] RLG filed a motion to quash and for protective order on September 28, 2023, asserting that Adviento failed to confer on the deposition date, Glassman was unavailable on the date noticed, Glassman was not a party, and the notice was unclear as to remote appearance mechanics. The motion also requested a protective order prohibiting Adviento from noticing depositions without conferring, but made no mention of confidentiality.

[7] The second notice included the same RFPs as the first one.

6

asset-purchase-agreement documents—again no confidentiality objection was included.[8] Thus, as with the confidentiality of customer information, it appears the confidentiality of the asset-purchase-agreement documents was first raised in Relators' motion for protective order filed on December 5, 2023, more than 30 days after October 26, 2023, when the second notice of Glassman's deposition was served. Relators point to no applicable exception to the 30-day deadline under Tex. R. Civ. P. 192.6(a) for filing such a motion.

Further, while the trial court denied Relators' motion for protective order for a different reason, finding that the information at issue had already been compelled in its October 13, 2023 order—which is incorrect as to the asset-purchase-agreement documents—Adviento argues that mandamus relief should be denied if the trial court "reache[d] the right result for the wrong reason," citing *In re Philadelphia Indem. Ins. Co.*, No. 13-17-00506-CV, 2017 WL 5616272, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 20, 2017) (orig. proceeding) (mem. op.). Relators advance no argument as to why their failure to timely object under Rule 192.6(a) would not make the trial court's ruling the right result.

Finally, as it did with customer information, Relators' motion broadly sought protection for "private and sensitive business information," but did not establish in either the motion or at the hearing the exact nature of the information, and further failed to present evidence of a "particular, specific, and demonstrable injury." We find that the trial court has not been shown to have abused its discretion in denying Relators' motion for protective order in relation to the asset-purchase-

---

[8] RLG filed its objections on November 3, 2023, asserting that the new notice "request[ed] document production with less than a thirty-day deadline" and that Glassman would be out of the country on the date noticed, November 6, 2023. RLG further specifically objected to the asset-purchase-agreement RFP as follows: "overly broad, vague, and not reasonably calculated to the lead to the discovery of admissible evidence," and "irrelevant because transfer of ownership or legal interest . . . does not have direct bearing on [Adviento]'s claims." However, no confidentiality objection was asserted as to this RFP or any other RFP in the notice.

agreement documents.

### C. Documents not in Relators' "possession, custody, or control"

Relators argue that to prevail on his motion to compel, Adviento had to "show that Relators had a 'right to possession of the item that is equal or superior to the person who has physical possession,'" and because it is "clear that [1] Relators have no legal right to disclose the documents compelled by the Order in unredacted form, [2] Sky Zone El Paso East has a superior right to possession of the requested documents, and [3] Relators have no legal right to access any other documents," the trial court "clearly abused its discretion in issuing the Order."

Adviento does not dispute that he had the burden to show discovery should be compelled. Nor could he. *See In re Summersett*, 438 S.W.3d 74, 81 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (party seeking to compel production in discovery has burden to prove other party has constructive possession or right to obtain possession of requested documents). Instead, Adviento contends that "[t]he trial court is indeed well within its authority to compel production of items when Relator's counsel admits to possessing responsive evidence, represents a possessory agent who holds items responsive to discovery requests, and refuses to provide these items." However, in his argument, Adviento identifies no such items, no such possessory agent, and no evidence of anything.

In contrast, in his procedural history, Adviento asserts that at the October 13, 2023 hearing, Relators' counsel "inadvertently proved . . . constructive possession and accessibility [of discovery items] through agency relationships between Relators, the business which bought Relators' facility, and how Relators' counsel happened to represent them all," citing four pages from the hearing transcript. But three of these pages contain argument by Adviento's own counsel, not Relators' counsel, and the fourth contains only the following relevant statements by Relators'

8

counsel:

> The current owner [of the trampoline park] is a company called . . . Sky Zone El Paso East, Inc. and the individual is a gentleman named Joshua Rathweg. And, full disclosure, I represent them in a lawsuit filed by another plaintiff.

> .　　.　　.　　.

> And so the long and short of it is, we can't produce what we don't have. And the reason we don't have documents is, one of them is a completely improper entity, and the other is they sold it nine months before the lawsuit occurred.

Nothing said by Relators' counsel here establishes an "agency relationship" or other relationship that would require counsel to produce or disclose anything in another client's possession or in counsel's own possession by virtue of representing another client. *See* Tex. R. Civ. P. 192.3(b) (items must be produced only if "within [a] person's possession, custody, or control"); *In re Shell E & P, Inc.*, 179 S.W.3d 125, 131 (Tex. App.—San Antonio 2005, no pet.) (attorney's "mere access" to requested documents does not establish legal possession within meaning of Rule 192.3(b)) (citing *In re Kuntz*, 124 S.W.3d 179, 184 (Tex. 2003)); *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (corporation's constructive possession of another corporation's documents not established in absence of evidence that former "ever actually did exercise control of any type" over latter).[9]

While Adviento has thus failed to meet his burden to show that Relators could be compelled to produce any specific documents, it is unclear exactly where, in either party's view, the trial court

---

[9] *See also In re U-Haul Intern., Inc.*, 87 S.W.3d 653, 656–57 (Tex. App.—San Antonio 2002, no pet.) ("[S]ubsidiary corporations and parent corporations are separate and distinct 'persons' as a matter of law and the separate entity of corporations will be observed by the courts even where one company may dominate or control, or even treat another company as a mere department, instrumentality, or agency. Courts are willing to disregard the corporate form when it is used as part of an unfair device to achieve an inequitable result, such as when a corporation is organized and operated as a mere tool or business conduit of another corporation, or when the corporate fiction is resorted to as a means of evading an existing legal obligation . . . . Even if UHI and Republic are closely related, the plaintiffs have not met their burden of proving that UHI and Republic form a single business enterprise.") (citations omitted). No basis for a "single business enterprise" or similar finding has been adduced here.

ordered Relator to do so. In particular, while Relators assert they have "no access to the premises, and no legal right to access or disclose the documents compelled," and "no legal right to disclose the documents compelled by the Order in unredacted form," they identify neither the specific documents at issue nor any specific provision(s) in any trial court order(s) from which they seek relief. Further, they claim they "fully complied with the October 13, 2023 discovery order," and "the record is clear that Relators provided all information compelled by the October 13, 2023 discovery order in any event." Accordingly, we find that the trial court has not been shown to have compelled Relators to produce documents not in their possession, custody, or control, and thus has not been shown to have abused its discretion by doing so.

### D. Attorney's fees sanction

Relators argue that the trial court abused its discretion by ordering them to pay attorney's fees in the amount of $1,500 incurred by Adviento in dealing with Relators' motion for protective order. They contend such a sanction was "unjust, excessive, and not tied to any discovery abuse." However, they do not argue that they lack an adequate remedy on appeal in relation to this issue.

Where, as here, a trial court imposes a monetary sanction payable before rendition of an appealable order, mandamus relief may be available if the sanctioned litigant "contends that a monetary sanction award precludes access to the court," and the trial court fails to either (1) make the sanction payable on or after entry of a final order, or (2) make express written findings, after a hearing, as to why the sanction does not have such a preclusive effect. *In re Casey*, 589 S.W.3d 850, 855 (Tex. 2019). But here Relators do not argue that the $1,500 sanction at issue "precludes access to the court." We conclude that they thus have not shown they have no adequate remedy on appeal.

## III. CONCLUSION

For the reasons explained above, we conclude that RLG has failed to show that the trial court abused its discretion. Accordingly, we deny mandamus relief and lift the temporary stay we imposed on proceedings in the trial court.


LISA J. SOTO, Justice

October 29, 2024

Before Alley, C.J., Palafox and Soto, JJ.

11